ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF YORK<br><br>Jeffrey Whitney,<br><br>                Plaintiff,<br><br>v.<br><br>York County Council on Alcohol and Drug Abuse, Inc. d/b/a Keystone Substance Abuse Services,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTEENTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                              **CROMER BABB PORTER & HICKS, LLC**

                                       BY:   *s/Shannon Polvi*
                                                Shannon Polvi (SC Bar No. 101837)
                                                Elizabeth Millender (SC Bar No. 104204)
                                                1418 Laurel Street, Suite A
                                                Post Office Box 11675
                                                Columbia, South Carolina 29211
                                                Phone  803-799-9530
                                                shannon@cbphlaw.com
                                                elizabeth@cbphlaw.com
                                              *Attorneys for Plaintiff*

May 18, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF YORK<br><br>Jeffrey Whitney,<br><br>        Plaintiff,<br><br>v.<br><br>York County Council on Alcohol and Drug Abuse, Inc. d/b/a Keystone Substance Abuse Services,<br><br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTEENTH JUDICIAL CIRCUIT<br><br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

   Plaintiff, by and through undersigned counsel, complaining of Defendant herein, alleges as follows:

   1.  Plaintiff Jeffrey Whitney (hereinafter "Plaintiff") is a resident of Charlotte, North Carolina, and he was formerly employed by Defendant.

   2.  Defendant York County Council on Alcohol and Drug Abuse, Inc. d/b/a Keystone Substance Abuse Services (hereinafter "Defendant") is a South Carolina business providing services in South Carolina. Plaintiff was employed by Defendant at 199 South Herlong Avenue, Rock Hill, South Carolina 29732.

   3.  Jurisdiction and venue are proper in York County as the events described herein occurred primarily in and around Rock Hill, South Carolina.

   4.  Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the common law and statutory law of South Carolina.

1

## FACTUAL ALLEGATIONS

5. Plaintiff was a clinician employed by Defendant. Plaintiff provided counseling services to patients with substance abuse.

6. Defendant is an "employer" within the meaning of the FLSA.

7. Plaintiff is an "employee" of Defendant within the meaning of the FLSA.

8. Plaintiff was wrongfully terminated on April 22, 2021. Plaintiff has a claim for wrongful discharge in violation of the public policy of South Carolina. A central part of that claim is the Defendant's focus on not treating the severest of patients. During his employment with Defendant, Plaintiff provided counseling services to a patient who passed away. After Plaintiff's supervisor found out about the patient's attempted suicide, she told Plaintiff to discharge him for being a liability. Plaintiff's supervisor expressly instructed Plaintiff to get that patient "off your books because he is a liability." Plaintiff opposed that unlawful instruction from his supervisor. Plaintiff opposed when he was instructed not to treat patients in dire mental health crises.

9. Plaintiff continued to see the patient, in accord with the public policy of South Carolina. Plaintiff counseled him on a Wednesday, after the patient's discharge from the hospital. The patient was found dead that Friday morning on a bathroom floor. Plaintiff is under the understanding that his death was labeled an overdose, but the family thinks it was suicide. Defendant never asked if Plaintiff was okay or how his counseling group was processing the tragedy. Instead, Plaintiff was told "that's why these liabilities must come off your case load." The "liability" designation to patients happened on multiple occasions.

10. Plaintiff was vocal in his belief that Defendant must put patient care as its priority. Even though Plaintiff had a higher-than-expected volume of patients, he dedicated himself to giving thorough and empathetic counseling to his patients. This required Plaintiff to work overtime

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

in order to complete the paperwork demands of patient care. Plaintiff's need to work overtime in order to complete necessary job responsibilities was a discussion close in time to Plaintiff's termination. Keystone was well aware of Plaintiff's patient volume. Management knew, with that high patient load volume, that Plaintiff was not able to complete the paperwork that needed to be done within the 5-day requirement for billable medical care within the 40-hour work week. Thus, Plaintiff was having to work off the clock.

11.     Plaintiff was not given any paperwork at the time of his termination. Plaintiff was walked out of the facility in a manner that publishes the perception that Plaintiff had committed a crime. Plaintiff was humiliated and his reputation damaged. Furthermore, Plaintiff was not allowed back on the premises and his belongings were damaged.

12.     In April and May of 2021, defamatory statements from Defendant's management were made about Plaintiff to patients and non-management employees of Keystone. The defamation about Plaintiff includes but is not limited to false allegations that he was fired because he is an uncontrolled alcoholic and that he falsified documents.

13.     On June 2, 2021, Plaintiff's counsel sent Defendant a letter summarizing concerns about the termination of Plaintiff and events related thereto.

14.     Shortly after receiving the letter outlining concerns about Defendant's treatment of Plaintiff, Defendant submitted an ethics complaint against Plaintiff's professional licensure with the professional board that regulates his profession. The board was formerly known as South Carolina Association of Alcoholism and Drug Abuse Counselors (SCAADAC). The board is now known as the Addictions Professionals of South Carolina (APSC). The contents of Defendant's complaint about Plaintiff are false and exaggerated. There was no good faith basis to complain about Plaintiff's professional licensure. Defendant did not make any complaint about Plaintiff or

3

his licensure at the time of the events alleged therein, nor did it file a complaint against Plaintiff's professional licensure when it terminated Plaintiff. Defendant's ethics complaint against Plaintiff is retaliation after Defendant's receipt of the June 2, 2021 letter from Plaintiff's counsel.

15. Plaintiff was notified of the ethics complaint by a letter from the APSC dated July 2, 2021.

16. Defendant's ethics complaint against Plaintiff was dismissed in Plaintiff's favor. Plaintiff was notified of that dismissal in a letter from the APSC dated September 20, 2021.

## FIRST CAUSE OF ACTION
**(Defamation)**

17. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

18. In April and May of 2021, defamatory statements from Defendant's management were made about Plaintiff to patients and non-management employees of Keystone. The defamation about Plaintiff includes but is not limited to false allegations that he was fired because he is an uncontrolled alcoholic and that he falsified documents.

19. These false and nonprivileged statements were maliciously published by the Defendant's agents and employees acting with the Defendant's authority.

20. The defamatory actions and words of the Defendant have directly and indirectly promulgated to the public at large the false insinuation that Plaintiff is unfit for his profession, committed unprofessional acts, and potentially criminal acts.

21. As a direct and proximate result of the aforesaid defamation, Plaintiff's personal and professional reputation has been damaged, he has suffered physical and emotion distress, mental anguish, humiliation, and he has also suffered the loss of earnings.

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

22. Plaintiff is entitled to the judgment against Defendant in an amount equal to the sum of his actual damages, including reputational harm, embarrassment, and suffering, and for attorney's fees and costs for bringing this action. Plaintiff is also entitled pre-judgment interest and to an award of punitive damages to be determined by a jury for the malicious and intentional conduct of the Defendant.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the FLSA)

23. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

24. Plaintiff was a non-exempt employee while employed by Defendant.

25. Defendant did not pay Plaintiff for time that he worked overtime.

26. Plaintiff accrued compensatory overtime worked for which he was not paid at the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty hours per week.

27. Defendant failed to compensate Plaintiff for "off the clock hours" and for overtime worked as required by the FLSA.

28. Such actions by Defendant, were performed willfully, intentionally, knowingly, and in bad faith, are in violation of the FLSA.

29. The work and pay records of Plaintiff are in the possession, custody, and, control, or any of the above of Defendant, and Defendant is under a duty pursuant to 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained.

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

30. Plaintiff is entitled to lost wages, liquidated damages, attorneys' fees and costs, and any other legal or equitable remedies available under the FLSA.

### THIRD CAUSE OF ACTION
(Violation of the FLSA- Section 15(a)(3) Retaliation)

31. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

32. Section 15(a)(3) of the FLSA provides in pertinent part that an employer shall not "discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act."

33. Plaintiffs' actions in reporting the need to work overtime in order to fulfill the mandatory paperwork needs of his clinician duties constitutes protected activities under the FLSA and the resulting retaliatory treatment of termination are caused by Plaintiffs' reports and actions taken in opposition to Defendant's efforts to ignore or reject their obligations under FLSA for the purpose of saving Defendant overtime wages that belong to its employees who have worked for and deserve that compensation.

34. That as a direct and proximate result of the Defendant's retaliation and actions taken in their official capacities and in the course of their duties, Plaintiff seeks remedies including reinstatement, lost wages and benefits, front pay, attorneys' fees and costs, and liquidated damages.

### FOURTH CAUSE OF ACTION
(Wrongful Discharge in Violation of Public Policy)

35. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

36. Plaintiff was terminated in violation of the public policy of South Carolina. Plaintiff's claim is premised upon S.C. Code Ann. § 44-22-50 and other statutes and regulations in South Carolina related to the treatment needs of mental health patients.

37. Defendant is directly and proximately liable for Plaintiff's wrongful discharge in violation of the public policy of South Carolina.

38. Defendant is responsible for damages to the Plaintiff including lost wages, lost benefits, lost earning capacity, attorney's fees and costs, consequential damages as a result of the lost income, stress and anxiety, pain and suffering, and embarrassment and humiliation.

39. Defendant's tortious conduct was willful, wanton, and reprehensible.

40. Plaintiff is entitled to an award of punitive damages in addition to his actual losses to discourage Defendant from repeating the behavior it engaged toward Plaintiff and to punish Defendant for discharging Plaintiff in violation of the public policy of South Carolina.

### FIFTH CAUSE OF ACTION
### (Abuse of Process)

41. Where not inconsistent herewith and alternatively, if necessary, Plaintiff realleges the foregoing.

42. Around the end of June 2021, Defendant submitted an ethics complaint against Plaintiff's professional licensure with the Addictions Professionals of South Carolina.

43. Defendant had an ulterior purpose in initiating the ethics complaint against Plaintiff. This ulterior purpose was to retaliate against Plaintiff for raising concerns about his termination and treatment by Defendant, particularly those concerns outlined in the letter sent to Defendant on June 2, 2021.

44. Defendant instituted and continued ethics complaint proceedings against the Plaintiff on baseless grounds and without probable cause.

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

45. The ethics complaint was a willful act to use the ethics process as a retaliatory weapon rather than for any legitimate purpose.

46. Defendant was malicious in instituting those proceedings that lacked probable cause and Defendant was without a good faith basis to institute an ethics complaint.

47. The ethics complaint proceedings terminated in Plaintiff's favor.

48. This constitutes an abuse of process for which the Defendant is liable.

49. Plaintiff has suffered significant damages as a result of this abuse of process, including lost income, lost benefits, attorney's fees and costs, diminished earning capacity, reputational loss, stress and anxiety, and pain and suffering. Defendant acted maliciously and with an intent to harm the Plaintiff and Plaintiff is entitled to actual and punitive damages as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Whitney prays for judgment against Defendant for all damages as plead above in an amount to be determined by a jury and to the full extent allowed by law. Plaintiff further prays for reinstatement, lost wages and benefits, liquidated damages, punitive damages, pre-judgment interest, and attorneys' fees and costs associated with this action and any such other relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

ELECTRONICALLY FILED - 2022 May 18 2:15 PM - YORK - COMMON PLEAS - CASE#2022CP4601547

                        **CROMER BABB PORTER & HICKS, LLC**

                BY:   *s/Shannon Polvi*
                        Shannon Polvi (SC Bar No. 101837)
                        Elizabeth Millender (SC Bar No. 104204)
                        1418 Laurel Street, Suite A
                        Post Office Box 11675
                        Columbia, South Carolina 29211
                        Phone  803-799-9530
                        shannon@cbphlaw.com
                        elizabeth@cbphlaw.com
                *Attorneys for Plaintiff*

May 18, 2022
Columbia, South Carolina